UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE SPORTING GOODS, INC., ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BB HOLDINGS, INC. d/b/a BUCK BOMB, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, BB Holdings, Inc. d/b/a Buck Bomb ("Buck Bomb"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441 *et seq.*, and hereby files its Notice of Removal of this lawsuit, originally filed in the Circuit Court of Cook County, State of Illinois, and in support of its Notice of Removal states as follows:

1. This case is a civil action pertaining to a contractual relationship between Plaintiff Maurice Sporting Goods, Inc. ("Plaintiff"), and Buck Bomb over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, *et seq.*

2. On or about October 6, 2015, Plaintiff filed a state court Complaint in the Circuit Court of Cook County, Illinois, against Buck Bomb alleging counts for breach of contract, breach of oral contract, and unjust enrichment, styled *Maurice Sporting Goods, Inc. v. BB Holdings, Inc., d/b/a Buck Bomb*, Case No.: 15M204185 ("Lawsuit"). (*See* Exhibit A, Complaint).

3. Thereafter, on December 4, 2015, Buck Bomb was served with the Lawsuit. (*See*

1

Exhibit B, Affidavit of Special Process Server).

4. Defendant Buck Bomb is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Odenton, Maryland. Thus, Buck Bomb is a citizen of Maryland.

5. Plaintiff is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Northbrook, Cook County, Illinois. Thus, Plaintiff is a citizen of Illinois.

6. Plaintiff and defendant Buck Bomb are therefore completely diverse, as set forth above.

7. Plaintiff alleges damages are in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), specifically $88,932.66, based upon the general pleading requirements for district court jurisdiction under 28 U.S.C. § 1332(a). *See* Exhibit A. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of service of process on the defendant, Buck Bomb, which was December 4, 2015.

9. The present lawsuit is therefore properly removable from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1332(a)(1) and §1441(b).

10. Accompanying this Notice of Removal is a copy of the Complaint and Process filed in the underlying state court action, attached as Exhibits A and B.

11. Also accompanying this Notice of Removal is a Notice to State Court of Filing Notice of Removal filed in the Circuit Court of Cook County, Illinois and a Notice of Removal

to Plaintiff.

WHEREFORE, Defendant BB Holdings, Inc., d/b/a Buck Bomb prays that the above-captioned action be removed from the Circuit Court for Cook County, State of Illinois to this Court.

Respectfully submitted,

*/s/ Richard I. Woolf*

Richard I. Woolf, #06304328
**BOYLE BRASHER LLC**
One Metropolitan Square
211 N. Broadway, Ste. 2300
St. Louis, Missouri 63102
(314) 621-7700
(314) 621-1088 (facsimile)
rwoolf@boylebrasher.com
**Attorney for Defendant**
**BB HOLDINGS, INC., d/b/a BUCK BOMB**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2015, the foregoing was filed electronically with the Clerk of Court using the Illinois e-filing system and to be served by operation of the Court's electronic filing service on Phillip Reed and Jeff Stevenson, Patzik, Frank & Samotny Ltd., 150 S. Wacker Drive, Suite 1500, Chicago, IL 60606. The undersigned hereby verifies that an original of this filing was executed by counsel and that the same shall be maintained for a period of not less than the maximum allowable time to complete the appellate process.