**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE SPORTING GOODS, INC., | ) | |
| | ) | Case No.: 1:15-cv-11652 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BB HOLDINGS, INC. d/b/a BUCK BOMB, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BB HOLDINGS, INC. d/b/a BUCK BOMB'S**
**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF MAURICE SPORTING GOODS, INC.'S COMPLAINT**

COMES NOW Defendant BB Holdings, Inc. d/b/a Buck Bomb ("Buck Bomb"), by and through undersigned counsel, pursuant to the Court's Order of May 11, 2016, granting Buck Bomb leave to re-plead its affirmative defenses, and states as follows for its Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint:

**Introduction**

1.      The allegations contained in paragraph 1 of the Introduction of Plaintiff's Complaint state legal conclusions to which no answer is required, and further, they are compound.  To the extent that the allegations contained therein are deemed factual allegations against Buck Bomb or otherwise require a response, Buck Bomb denies the allegations contained in of the Introduction of Plaintiff's Complaint.

**Parties**

2.      Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 2 of the Parties section of Plaintiff's Complaint.

1

3.     Buck Bomb admits that it is a corporation organized under the laws of Maryland as stated in paragraph 3 of the Parties section of Plaintiff's Complaint, but denies that its principal place of business is in Crofton, Maryland.  For further answer to said allegation, Buck Bomb's principal place of business is located in Odenton, Maryland.

### Jurisdiction

4.     Buck Bomb denies the allegations contained in paragraph 4 of the Jurisdiction section of Plaintiff's Complaint.

5.     Buck Bomb denies the allegations contained in paragraph 5 of the Jurisdiction section of Plaintiff's Complaint.

6.     Buck Bomb denies the allegations contained in paragraph 6 of the Jurisdiction section of Plaintiff's Complaint.

### Venue

7.     Buck Bomb denies the allegations contained in paragraph 7 of the Venue section of Plaintiff's Complaint.

### Facts Common to All Counts of the Complaint

8.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 8 of the Facts Common to All Counts of the Complaint section of Plaintiff's Complaint.

9.     Buck Bomb admits the allegations contained in paragraph 9 of the Facts Common to All Counts of the Complaint section of Plaintiff's Complaint.

10.     Buck Bomb admits the allegations contained in paragraph 10 of the Facts Common to All Counts of the Complaint section of Plaintiff's Complaint.

11.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in paragraph 11 of the Facts Common to All Counts of the Complaint section of Plaintiff's Complaint.

12.     Buck Bomb denies the allegations contained in paragraph 12 of the Facts Common to All Counts of the Complaint section of Plaintiff's Complaint.

## COUNT I – BREACH OF WRITTEN CONTRACT

13.     Buck Bomb realleges and reincorporates into Count I its responses to paragraphs 1-12 above, as if fully set forth herein.

14.     Buck Bomb admits the allegations contained in paragraph 14 of Count I of Plaintiff's Complaint.

15.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 15 of Count I of Plaintiff's Complaint.

16.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 16 of Count I of Plaintiff's Complaint.

17.     Buck Bomb admits the allegations contained in paragraph 17 of Count I of Plaintiff's Complaint.

18.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 18 of Count I of Plaintiff's Complaint.

19.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 19 of Count I of Plaintiff's Complaint.

20.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 20 of Count I of Plaintiff's Complaint.

21.     The allegations contained in paragraph 21 of Count I of Plaintiff's Complaint state legal conclusions to which no answer is required.  To the extent that the allegations

contained therein are deemed factual allegations against Buck Bomb or otherwise require a response, Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 21 of Count I of Plaintiff's Complaint.

22. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 22 of Count I of Plaintiff's Complaint.

23. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 23 of Count I of Plaintiff's Complaint.

24. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 24 of Count I of Plaintiff's Complaint.

Buck Bomb denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 24 of COUNT I of Plaintiff's Complaint.

## COUNT II – BREACH OF ORAL CONTRACT – ALLEGED IN THE ALTERNATIVE TO COUNTS I AND III

25. Buck Bomb realleges and reincorporates into Count I its responses to paragraphs 1-24 above, as if fully set forth herein.

26. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 26 of Count II of Plaintiff's Complaint.

27. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 27 of Count II of Plaintiff's Complaint.

28. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 28 of Count II of Plaintiff's Complaint.

29. Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 29 of Count II of Plaintiff's Complaint.

30.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 30 of Count II of Plaintiff's Complaint.

31.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 31 of Count II of Plaintiff's Complaint.

32.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 32 of Count II of Plaintiff's Complaint.

33.     The allegations contained in paragraph 33 of Count II of Plaintiff's Complaint state legal conclusions to which no answer is required.  To the extent that the allegations contained therein are deemed factual allegations against Buck Bomb or otherwise require a response, Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 33 of Count II of Plaintiff's Complaint.

34.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 34 of Count II of Plaintiff's Complaint.

35.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 35 of Count II of Plaintiff's Complaint.

36.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 36 of Count II of Plaintiff's Complaint.

Buck Bomb denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 36 of COUNT II of Plaintiff's Complaint.

## COUNT III – UNJUST ENRICHMENT – ALLEGED IN THE ALTERNATIVE TO COUNTS I AND II

37.     Buck Bomb realleges and reincorporates into Count I its responses to paragraphs 1-36 above, as if fully set forth herein.

38.     Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on

5169344                                                    5

that basis denies, the allegations contained in paragraph 38 of Count III of Plaintiff's Complaint.

39.    Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 39 of Count III of Plaintiff's Complaint.

40.    Buck Bomb admits the allegations contained in paragraph 40 of Count III of Plaintiff's Complaint.

41.    Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 41 of Count III of Plaintiff's Complaint.

42.    Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 42 of Count III of Plaintiff's Complaint.

43.    Buck Bomb lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in paragraph 43 of Count III of Plaintiff's Complaint.

Buck Bomb denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 43 of COUNT III of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant BB Holdings, Inc. d/b/a Buck Bomb ("Buck Bomb"), by and through undersigned counsel, and submits the following affirmative defenses to Plaintiffs' Complaint.

### First Affirmative Defense

Further answering and as an affirmative defense, Plaintiff fails to state a claim upon which relief may be granted because Plaintiff first materially breached the parties' long-standing distribution agreement.

a.    In or about 2006, Plaintiff offered to distribute Buck Bomb's products, including its attractant spray, fogger, igniters, and detonators (collectively "Products"), to retailers

such as Walmart, Kmart, and Blain's.  In exchange for Buck Bomb selling its products to Plaintiff at below-retail rates, Plaintiff agreed to use is best efforts to distribute the Products and to fulfill all sales forecasts issued by retailers.  Buck Bomb accepted these terms and began selling its Products to Plaintiff for distribution.  This distribution agreement continued for nearly eight years, with Plaintiff regularly submitting written purchase orders to Buck Bomb to fulfill retailers' sales forecasts.

b.      In 2015, the parties concluded their longstanding distribution agreement by agreeing, among other terms, that Buck Bomb would buy back unsold Product in the possession of Plaintiff and that the parties would settle the open payables account ("buyback agreement").

c.      However, in 2014, Plaintiff materially breached the longstanding distribution agreement, including by failing to pay the full amount due under purchase orders and failing to use its best efforts to fulfill sales forecasts from retailers, including Walmart.

**Second Affirmative Defense**

Further answering and as an affirmative defense, Plaintiff's damages were caused or contributed to be caused by Plaintiff's own actions or inactions, including Plaintiff:

a.      Failing to order sufficient quantities of the Products early in and throughout the year to meet demand, which increased Plaintiff's inventory on hand at the time of the buyback agreement;

b.      Ordering large quantities of the Products late in the year, when such products could not reasonably be sold before the conclusion of deer hunting season, which increased Plaintiff's inventory on hand at the time of the buyback agreement;

c.      Leaving some of the Product exposed to the elements so that they sustained

damage and could not be sold to retailers, which increased Plaintiff's inventory on hand at the time of the buyback agreement;

d.      Destroying sidekicks, rather than placing them in stores filled with the Products, which resulted in reduced sales of the Products and increased Plaintiff's inventory on hand at the time of the buyback agreement; and

e.      Filling shelf space reserved for the Products with competitor products such as Haze deer attractant ("Haze"), which is manufactured by Big Game International, a company controlled by Plaintiff.  This resulted in decreased sales of the Products and increased Plaintiff's inventory on hand at the time of the buyback agreement.

### Third Affirmative Defense

Further answering and as an affirmative defense, Plaintiff's claim to equitable relief in the form of unjust enrichment is barred by the doctrine of unclean hands as Plaintiff fraudulently induced Buck Bomb to continue in the longstanding distribution agreement, which necessitated the buyback agreement.

a.      In April 2014, Brad Stevenson, an executive of Plaintiff, and Rick Schmidt, President of Buck Bomb at the time, participated in a telephone call to discuss whether to extend the longstanding distribution agreement another year.  Rick Schmidt indicated that he would be willing to continue the agreement as long as Plaintiff continued using its best efforts to distribute the Product to Walmart and meet Walmart's sales forecasts for the Product.  Brad Stevenson stated that Plaintiff would do so, responding that it was the only way that Plaintiff would do business.

b.      At the time such statement was made, Brad Stevenson knew or believed that Plaintiff had no intention of using its best efforts to distribute the Products to Walmart or

meet Walmart's sales forecasts for the Products.

c.      In April 2014, Mike Shannon, an employee of Plaintiff, and Rick Schmidt participated in a telephone call to discuss Plaintiff's continued distribution of the Products. Rick Schmidt asked whether its sales force should make contact with retailers other than Walmart, such as Kmart and Blain's, or whether Plaintiff would continue to use its best efforts to distribute the Products to such retailers. Mike Shannon represented that Plaintiff would continue to do so and stated that Plaintiff would take the business for the year.

d.      At the time such statement was made, Mike Shannon knew or believed that Plaintiff had no intention of using its best efforts to distribute the Products to other retailers or meet their sales forecasts for the Products.

e.      In April 2014, Joe Mulheim, an employee of Plaintiff, and Rick Schmidt participated in a telephone call to discuss Plaintiff's continued distribution of the Products to Kmart. Rick Schmidt asked whether its sales force should make contact with Kmart or whether Plaintiff would continue to use its best efforts to distribute the Products to Kmart. Joe Mulheim represented that Plaintiff would continue to do so and stated that Plaintiff would distribute the Product the way they always had.

f.      At the time such statement was made, Mike Shannon knew or believed that Plaintiff had no intention of using its best efforts to distribute the Products to Kmart or meet its sales forecasts for the Products.

g.      Given the parties' longstanding business relationship, Rick Schmidt and Buck Bomb had a right to rely on Brad Stevenson's, Mike Shannon's, and Joe Mulheim's statements.

h.      Such statements by Brad Stevenson, Mike Shannon, and Joe Mulheim were part of a larger scheme to defraud Buck Bomb, destroy demand and market share for the Products, and to create market share for Haze.  As such, Brad Stevenson, Mike Shannon, and Joe Mulheim intended for Buck Bomb to rely on their statements.

i.      Buck Bomb was damaged by such statements in reduced sales and lost business relationships, including with Kmart.

### Fourth Affirmative Defense

Further answering and as an affirmative defense, Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff is equitably estopped from enforcing the contract alleged in its Complaint.

a.      Buck Bomb realleges paragraphs a-i of its Third Affirmative Defense as if fully stated herein.

b.      In 2014, when Buck Bomb decided to continue the long-standing distribution agreement, Buck Bomb was unaware that Plaintiff had no intention of using its best efforts to fulfill its obligations under the longstanding distribution agreement.

### Fifth Affirmative Defense

Further answering and as an affirmative defense, Plaintiff has failed to state a claim upon which relief may be granted because the oral agreement alleged in Count II of Plaintiff's Complaint violates the statute of frauds as enacted in 810 ILCS 5/2-201(1).  Count II alleges an oral contract for the sale of the Products in an amount of $88,932.66, which constitutes a contract for the sale of goods in excess of $500.00.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant BB Holdings, Inc. d/b/a Buck Bomb prays for the dismissal of this action with prejudice, an award of its costs

and attorneys' fees incurred in this action, and the granting of any other relief that this Court deems appropriate and just.

Respectfully submitted,

/s/ Richard I. Woolf
Richard I. Woolf, #6304328
Allison E. Lee, #6304864
**BOYLE BRASHER LLC**
One Metropolitan Square
211 N. Broadway, Ste. 2300
St. Louis, Missouri 63102
P: (314) 621-7700
F: (314) 621-1088
rwoolf@boylebrasher.com
alee@boylebrasher.com

*Attorneys for BB Holdings, Inc.*
*d/b/a Buck Bomb*

## CERTIFICATE OF SERVICE

I hereby certify that on the __25th__ day of _____May_____ 2016, the foregoing was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing to the following. I further certify that all participants in this matter have consented to electronic service.

Phillip Reed
Jeff Stevenson
Patzik, Frank & Samotny Ltd.
150 S. Wacker Drive, Suite 1500
Chicago, IL 60606

*Attorneys for Plaintiff*

The undersigned hereby verifies that an original of this filing was executed by counsel and that the same shall be maintained for a period of not less than the maximum allowable time to complete the appellate process.

/s/ Richard I. Woolf
